On writs of certiorari (337 U. S. 857) to review a judgment of the Court of Claims holding that wartime ceiling price was not the proper measure of just compensation for a quantity of pepper, a nonperishable commodity, requisitioned.
On March 27,1950, the judgment of the Court of Claims was reversed by the Supreme Court and the cause remanded with directions to enter an appropriate judgment based on the maximum ceiling price of the pepper at the time it was taken.*
Mr. Justice Black
delivered the opinion of the Supreme Court, in which it was held:
First. The Supreme Court has never attempted to prescribe a rigid rule for determining what is “just compensation” under all circumstances and in all cases, under the Fifth Amendment. Fair market value has normally been accepted as a just standard. But while *843 Congress did not expressly provide that prices fixed under the Price Control Act should constitute the measure of just compensation, the court concludes that the Congressional purpose and the necessities of a wartime economy require that ceiling prices be accepted as the measure of just compensation, so far as that can be done consistently with the objectives of the Fifth Amendment.
Second. The Emergency Price Control Act’s provision that the Act should not be construed as compelling an owner to sell his property against his will did not give rise to a “retention value” which must be added to the ceiling price in order to meet the constitutional requirement of “just compensation” in case of requisition.
Third. While there is no constitutional obstacle to treating “generally fair and equitable” ceiling prices as the normal measure of just compensation for commodities held for sale, there must be room for special exceptions to such a general rule. However, in the instant case “Commodities”, just like other traders in pepper and other products, bought pepper with the intention of ultimately selling on the market. No more than any other owner is “Commodities” entitled to “retention value”, a value based on speculation concerning the price it might have obtained for pepper after the war and after price controls were removed.
Mr. Chief Justice Vinson and Mr. Justice Douglas took no part in the consideration or decision of this case.
Mr. Justice Frankfurter filed a separate opinion dissenting in part.
Mr. Justice Jackson filed a dissenting opinion.
Petition for rehearing denied May 1,1950.

See order June 5, 1950, Vol. 116.